## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY L. RUCKEL, #20501, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 19-cv-01149-JPG |
| COLLINSVILLE, IL POLICE DEPT. and LT. JOHN DOE, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Jeffrey Ruckel, a detainee at Madison County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that an unknown officer employed by the Collinsville Police Department conducted an unlawful search of Plaintiff's vehicle and arrested him in connection with Case No. 19-CF-2047.[1] (*Id*. at pp. 1-2). He asserts claims against the arresting officer ("Lt. John Doe") and Collinsville Police Department for violations of his rights under federal and state law. (*Id*. at p. 2). Plaintiff seeks monetary relief. (*Id*.).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff provides no other information about this case in the Complaint.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-2): Plaintiff's vehicle was searched by an unknown officer ("Lieutenant John Doe") of the Collinsville Police Department in a Walmart parking lot on an undisclosed date. (*Id.*). The search ultimately led to Plaintiff's arrest and charges in Case No. 2019-CF-2047. (*Id.*).

Plaintiff claims the search of his vehicle and his arrest were unlawful. (*Id.*). He legally parked his vehicle in a Walmart parking lot and entered the store. (*Id.*). While he was away from the vehicle, Lieutenant Doe ran Plaintiff's license plate information through the Collinsville Police Department's "registry database." (*Id.* at p. 1). At the time, the officer was not investigating an actual or a suspected crime. (*Id.* at pp. 1-2). He had no warrant and lacked probable cause to search the vehicle or arrest Plaintiff. (*Id.*). Lieutenant Doe searched the vehicle and ultimately arrested Plaintiff for reasons that are not disclosed in the Complaint. (*Id.*). Lieutenant Doe later claimed that his conduct was consistent with Collinsville Police Department's "normal/standard/occasioned practice." (*Id.* at p. 2).

Plaintiff challenges the search and seizure as being unlawful and in violation of his privacy rights under the Fourth Amendment. (*Id.* at pp. 1-2). He also brings Illinois state law claims against both defendants for false arrest, false imprisonment, and malicious prosecution. (*Id.*).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

**Count 1:** Fourth Amendment claim against Lieutenant Doe for the unlawful search of Plaintiff's vehicle in the Walmart parking lot without a warrant or probable cause.

**Count 2:** Fourth Amendment claim against Lieutenant Doe for the unlawful arrest/seizure of Plaintiff in the Walmart parking lot without a warrant or probable cause.

| | | |
|---|---|---|
| **Count 3:** | | Fourth Amendment claim against Collinsville Police Department for its failure to train officers. |
| **Count 4:** | | Illinois state law claims against Defendants for false arrest, false imprisonment, and malicious prosecution of Plaintiff. |

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

### Counts 1 and 2

The Fourth Amendment guards against unreasonable searches and seizures. U.S. Const. Amend. IV. The reasonableness of a search or a seizure "within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case." *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976). Plaintiff does not adequately describe the facts or circumstances giving rise to his claims against Lieutenant Doe. Neither the Court nor the parties can evaluate the reasonableness of the search or seizure—even in broad terms. Plaintiff does not indicate when the search of his vehicle occurred, where it occurred, what the search revealed, the reason for his arrest, the nature of the criminal charges against him, or the status of the criminal case at the time he filed this action. Plaintiff must provide basic information about the search of his vehicle in Count 1 and the circumstances surrounding his arrest in Count 2 to survive screening. *See* FED. R. CIV. P. 8. He cannot rely on conclusory or bald assertions regarding Fourth Amendment violations. Counts 1 and 2 shall be dismissed without prejudice for failure to state a claim against Lieutenant Doe.

### Count 3

The Fourth Amendment claim against the Collinsville Police Department shall also be dismissed. The police department is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's decision to name the police department as a defendant may represent his attempt to hold

a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff refers to the Department's "failure to train" its officers, but he does not explain what deficiency in training caused a constitutional deprivation to occur. The allegations state no plausible claim against a suable defendant and fail to satisfy the *Twombly* pleading standards. Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. The Collinsville Police Department shall be dismissed with prejudice from this suit.

### Count 4

This Court has supplemental jurisdiction over Plaintiff's related state law claims. However, the Court declines to exercise jurisdiction over the claims at this time, in light of the dismissal of all federal constitutional claims at screening. *See* 28 U.S.C. §§ 1367(a), (c)(3) (district court has discretion to retain jurisdiction over supplemental claims or dismiss them when it dismisses the claims over which it had original jurisdiction). Accordingly, the state law claims in Count 4 shall be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). This Order does not preclude Plaintiff from re-pleading these claims in this or any other action in state or federal court.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) does not survive screening. **COUNTS 1, 2, 3,** and **4** are **DISMISSED** without prejudice for the reasons stated above. The Clerk is **DIRECTED** to **TERMINATE** Defendant **COLLINSVILLE, IL POLICE DEPARTMENT** as a party in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 27, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or

consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01149-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/30/2020**

                                                                  <u>s/J. Phil Gilbert</u>
                                                                   **J. PHIL GILBERT**
                                                                   **United States District Judge**