## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY L. RUCKEL, #20501, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-01149-JPG |
| | ) |
| COLLINSVILLE, IL POLICE DEPT. | ) |
| and LT. JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court for consideration is a Motion to Reopen Case filed by Plaintiff Jeffrey Ruckel on March 19, 2020. (Doc. 15). Ruckel filed the underlying civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from an unlawful search of his vehicle and arrest in connection with Case No. 19-CF-2047. (Doc. 1). The Complaint did not survive preliminary review under 28 U.S.C. § 1915A and was dismissed without prejudice on January 30, 2020. (Doc. 10). Ruckel was granted leave to file an Amended Complaint on or before February 27, 2020. (*Id.* at p. 4). He was warned that the action would be dismissed with prejudice, if he failed to do so by the deadline. (*Id.* at pp. 4-5). He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). (*Id.*).

Ruckel missed the deadline for filing the Amended Complaint, and the case was dismissed with prejudice and a "strike" on March 5, 2020. (Doc. 11). Judgment was entered the same day. (Doc. 12). Apparently unaware of these developments, Ruckel hand-delivered his Amended Complaint to the courthouse for filing on March 9, 2020. (Doc. 13). On March 10, 2020, this Court rejected the post-judgment Amended Complaint, based on his failure to offer any reason the

1

Court should reopen this closed case, his failure to seek an extension of the filing deadline, and his failure to file a motion for leave to amend. (Doc. 14).

On March 19, 2020, Ruckel filed a Motion to Reopen Case. For the first time, Ruckel explained that he retained an attorney to represent him in the underlying action in early February. He believed the attorney was preparing an amended complaint for filing. Ruckel belatedly realized this was not the case, prompting him to hand-deliver the *pro se* Amended Complaint to the Court. Just one week after filing the Motion to Reopen, Ruckel also filed a Notice of Appeal on March 26, 2020. (Doc. 16).

## **Discussion**

As a preliminary matter, this Court must consider whether it has jurisdiction to consider the Motion to Reopen. Ordinarily, a timely-filed notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). When a party files a motion under Rule 59(e) or 60(b), Fed. R. Civ. P., within twenty-eight days of the judgment, the notice of appeal becomes effective only after the Court disposes of that motion. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Katerinos v. United States Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004). Ruckel filed the Motion to Reopen within twenty-eight days of the Judgment. Under the circumstances, this Court has jurisdiction to consider the Motion despite Plaintiff's Notice of Appeal.[1]

---

[1] This Court would otherwise issue an "indicative ruling" pursuant to Federal Rule of Civil Procedure 62.1(a), which grants district courts authority to address certain motions filed during a pending appeal, in one of three ways: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeal remands for that purpose or that the motion raises a substantial issue." *See* FED. R. CIV. P. 62.1(a). Because this Court has jurisdiction to decide the Motion to Reopen without seeking permission of the Seventh Circuit to do so, it need not rely on Rule 62.1(a).

Ruckel seeks an order reopening this case and granting him leave to file an Amended Complaint.  His request for relief from the Judgment is governed by Rule 60(b), which authorizes the Court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justified relief.

*See* FED. R. CIV. P. 60(b)(1)-(6).  The reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

There is a strong policy favoring the finality of judgments: "[j]udgments in civil cases fix the rights of parties and entitle them to go about their lives [and] may be reopened only for extraordinary reasons." *Margoles v. Johns*, 798 F.2d 1069, 1072 (7th Cir. 1986) (citations

omitted).  Because of this policy, a movant seeking relief under this rule must show "extraordinary circumstances" justifying the reopening of a final judgment.  *Id.*  "This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).

The question is whether Ruckel has shown extraordinary circumstances for reopening the case such that there is a substantial likelihood that the underlying judgment was unjust.  *Margoles*, 798 F.2d at 1073.  According to the Motion, Ruckel missed the amendment deadline because of a mistake, inadvertence, surprise, and/or excusable neglect.  *See* FED. R. CIV. P. 60(b)(1).  He retained an attorney in early February to prepare and file an Amended Complaint.  (Doc. 15, p. 1).  He was unaware that the attorney failed to do so by the deadline.  (*Id.*).  Plaintiff attempted to promptly correct this mistake by filing his *pro se* version of the Amended Complaint less than two weeks after the deadline expired.  (*Id.*).  The Court cannot ignore the fact that Ruckel was a *pro se* prisoner litigant at the time and confined in Jail during some portion of these proceedings.  Construing the allegations in the Motion in his favor, the Court finds that Ruckel has demonstrated extraordinary circumstances that justify relief under Rule 60(b)(1).

## Disposition

**IT IS HEREBY ORDERED**, for the reasons set forth above, the Motion to Reopen Case (Doc. 15) is **GRANTED**.  The Order Dismissing Case (Doc. 11) and Judgment (Doc. 12) are **VACATED**, and this case is **REOPENED**.

Ruckel is **GRANTED** leave to file an Amended Complaint on or before **May 13, 2020**.  Should Ruckel fail to file his Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b).  *See*

*generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

It is strongly recommended that Ruckel use the civil rights complaint form designed for use in this District. He should label the form, "Amended Complaint," and he should use the case number for this action (No. 19-cv-01149-JPG). To enable Ruckel to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The Amended Complaint must stand on its own without reference to any previous pleading. Ruckel must re-file any exhibits he wishes the Court to consider along with it. The Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Ruckel is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: April 15, 2020**

                                                      s/J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **United States District Judge**