### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY L. RUCKEL, #20501, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01149-JPG |
| ) | |
| CITY OF COLLINSVILLE, ILLINOIS, ) | |
| and OFFICER NICK WOLOSZYN, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the Second Amended Complaint filed by Plaintiff Jeffrey Ruckel. (Doc. 27). Plaintiff is a detainee at Madison County Jail ("Jail") located in Edwardsville, Illinois. He brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Collinsville, Illinois, and Officer Nick Woloszyn for his allegedly unlawful arrest, false imprisonment, and malicious prosecution in Criminal Case No. 19-CF-2047.[1] (*Id.* at pp. 6-7). Plaintiff seeks money damages. (*Id.*).

The Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff referred to this criminal case in his original Complaint (*see* Doc. 1, p. 1), but he omitted reference to it in the Second Amended Complaint (Doc. 27).

1

**Second Amended Complaint**

Plaintiff sets forth the following allegations in the Second Amended Complaint (Doc. 27, pp. 6-7): On June 24, 2019, Plaintiff was arrested in the Walmart parking lot in Collinsville, Illinois. (*Id*. at 6). When he exited the store and approached his vehicle, Plaintiff observed Officer Nick Woloszyn writing down his vehicle identification number. (*Id*.). The officer asked Plaintiff for his name and driver's license. Plaintiff identified himself but explained that he could not produce a driver's license because it was suspended. The officer then placed Plaintiff under arrest for driving with a suspended/revoked license. Plaintiff asked the officer to explain how he could arrest Plaintiff without observing him drive. The officer explained that he did observe Plaintiff driving. (*Id*. at 6). He also noted that: (a) Plaintiff looked nervous while doing so; (b) Plaintiff's passenger "looked fidgety;" and (c) Officer Woloszyin was performing a "random license plate check" on vehicles. (*Id*.).

Plaintiff claims that the officer lacked probable cause to make the arrest. (*Id*.). He also asserts claims against the officer for false arrest, malicious prosecution, and false imprisonment. (*Id*.). Finally, he brings a claim against the City of Collinsville for failing to train its officers on the proper evaluation of evidence. (*Id*. at 7).

Based on the allegations, the Court finds it convenient to organize the *pro se* Second Amended Complaint into the following enumerated Counts:

**Count 1:**   Fourth Amendment claim against Officer Nick Woloszyn for the unlawful arrest/seizure of Plaintiff in the Walmart parking lot without a warrant or probable cause.

**Count 2:**   Fourth Amendment claim against City of Collinsville, Illinois, for failure to train its officers.

**Count 3:**   Illinois state law claims against Defendants for false arrest, false imprisonment, and malicious prosecution of Plaintiff.

**Any claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

### Count 1

The Fourth Amendment guards against unreasonable searches and seizures. U.S. CONST. Amend. IV. The reasonableness of a search or a seizure "within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case." *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976). An unlawful arrest claim requires a plaintiff to demonstrate that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009). An officer has probable cause, if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez*, 578 F.3d at 537 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). When an arresting officer has probable cause to believe that a person committed "even a minor crime in his presence, . . . [t]he arrest is constitutionally reasonable." *See Virginia v. Moore*, 553 U.S. 164, 171 (2008) (citing cases). Failure to produce a valid driver's license can constitute probable cause for an arrest. *Ramos v. City of Chicago*, 716 F.3d 1013, 1018 (7th Cir. 2013). But the arresting officer must have reasonable suspicion that the driver is unlicensed when stopping him or her. *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). In this case, Plaintiff alleges that he was arrested by an officer who observed him driving nervously, observed his passenger appearing "fidgety," took his vehicle identification, and then learned that Plaintiff was driving without a valid license—by Plaintiff's

own admission. These facts, as alleged, support no federal constitutional claim against the arresting officer under the Fourth Amendment. Count 1 shall be dismissed.

### Count 2

Municipal liability under Section 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Plaintiff points to no such policy, custom, or injury. Accordingly, his failure-to-train claim against the City of Collinsville shall also be dismissed.

### Count 3

Plaintiff's remaining claims arise under Illinois state law, and the Court declines to exercise jurisdiction over them in light of the dismissal of all federal constitutional claims at screening. *See* 28 U.S.C. §§ 1367(a), (c)(3) (district court has discretion to retain jurisdiction over supplemental claims or dismiss them when it dismisses the claims over which it had original jurisdiction). All state law claims in Count 3 shall be dismissed without prejudice.

### Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 27) does not survive screening. **COUNTS 1, 2,** and **3** are **DISMISSED** without prejudice for failure to state a claim.

Plaintiff is **GRANTED** leave to file a "Third Amended Complaint" on or before **December 1, 2020**. Should Plaintiff fail to do so within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal shall also count as a "strike." 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Third Amended Complaint," and he should use the

case number for this action (No. 19-cv-01149-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court generally will not accept piecemeal amendments to the original Complaint.  The Third Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The Third Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/4/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**