IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY L. RUCKEL, #20501, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01149-JPG |
| ) | |
| CITY OF COLLINSVILLE, ILLINOIS, ) | |
| and OFFICER NICK WOLOSZYN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is now before the Court for preliminary review of the Fourth Amended Complaint[1] filed by Plaintiff Jeffrey Ruckel. (Doc. 34). Ruckel brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Collinsville, Illinois, and Officer Nick Woloszyn for an allegedly unlawful arrest and malicious prosecution in Criminal Case No. 19-CF-2047.[2] (*Id*. at 6-8). He seeks money damages. (*Id*. at 9).

The Fourth Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant

---

[1] The Fourth Amended Complaint (Doc. 34) bears the same title on the cover page as its predecessor, the Third Amended Complaint (Doc. 29). However, the two complaints are different. Pursuant to the Order granting Ruckel's Motion for Leave to Amend (Doc. 31), the Clerk's Office replaced pages 6, 7, and 8 of Doc. 29 with pages 2, 3, and 4 of Doc. 31 and re-filed the document as the Fourth Amended Complaint at Doc. 34.

[2] Ruckel referred to this criminal case in his original Complaint (*see* Doc. 1, p. 1), but he omitted reference to it in all subsequent amendments. (*See* Docs. 27, 29, and 34).

1

must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Fourth Amended Complaint

Ruckel sets forth the following allegations in the Fourth Amended Complaint (Doc. 34, pp. 6-8): On June 24, 2019, Officer Nick Woloszyn arrested Ruckel without a warrant or probable cause in the Walmart parking lot in Collinsville, Illinois. (*Id*. at 7). Just before his arrest, Ruckel exited the store and noticed the officer standing near the driver's door of the vehicle he "rode in" as a passenger to Walmart. (*Id*.). Ruckel observed the officer writing down what appeared to be the vin number of the vehicle. As Ruckel approached the passenger side of the vehicle, Officer Woloszyn asked him to step in front of the vehicle and identify himself. Ruckel complied with both requests. Office Woloszyn then asked Ruckel if he had a license, and Ruckel stated that he did not. (*Id*.).

The officer arrested Ruckel for driving with a suspended/revoked license. (*Id*.). When Ruckel asked the officer to explain the reason(s) for his arrest, the officer stated that: (a) he observed Ruckel driving into the Walmart parking lot and looking nervous; (b) Ruckel's passenger "looked fidgety;" and (c) Officer Woloszyin was performing a "random license plate check" on vehicles. (*Id*.).

Ruckel claims that the officer arrested him without a warrant or probable cause. (*Id*.). He also asserts claims against the officer for malicious prosecution. (*Id*.). Finally, he brings a claim against the City of Collinsville for failing to train its officers on the proper evaluation of evidence. (*Id*. at 8).

Based on the allegations, the Court finds it convenient to organize the *pro se* Fourth Amended Complaint into the following enumerated Counts:

>    **Count 1:**      Fourth Amendment claim against Officer Nick Woloszyn for the unlawful arrest/seizure of Ruckel in the Walmart parking lot without a warrant or probable cause.
>
>    **Count 2:**      Fourth Amendment claim against City of Collinsville, Illinois, for failure to train its officers on the proper evaluation of evidence.
>
>    **Count 3:**      Illinois state law claim against Defendants for malicious prosecution of Ruckel.

**Any claim that is mentioned in the Fourth Amended Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

### Count 1

The Fourth Amendment guards against unreasonable searches and seizures. U.S. CONST. Amend. IV. The reasonableness of a search or a seizure "within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case." *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976). An unlawful arrest claim requires a plaintiff to demonstrate that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009). An officer has probable cause, if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez*, 578 F.3d at 537 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). When an arresting officer has probable cause to believe that a person committed "even a minor crime in his presence, . . . [t]he arrest is constitutionally reasonable." *See Virginia v. Moore*, 553 U.S. 164, 171 (2008) (citing cases). Failure to produce a valid driver's license can constitute probable cause for an arrest. *Ramos v. City of Chicago*, 716 F.3d 1013, 1018 (7th Cir. 2013). But the arresting officer must have

3

reasonable suspicion that the driver is unlicensed when stopping him or her. *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). In this case, Ruckel alleges that he was arrested by an officer who *did not* observe him driving and only learned that he had no license when Ruckel informed him of this fact while standing near a vehicle he rode in as a passenger. At the time, Ruckel was not inside of the vehicle or behind the driver's wheel. Given these factual allegations construed liberally in favor of Ruckel, the Court finds that Count 1 cannot be dismissed.

## Count 2

Municipal liability under Section 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). A municipality's failure to train its officers may constitute an official policy or custom for purposes of Section 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006) ("Establishing *Monell* liability based on evidence of inadequate training or supervision requires proof of 'deliberate indifference' on the part of the local government."). The allegations simply do not state or plausibly suggest that the City of Collinsville's failure to train its officers in the proper evaluation of evidence amounted to deliberate indifference on the part of the municipality or caused the constitutional deprivation at issue. Accordingly, Count 2 shall be dismissed without prejudice for failure to state a claim against City of Collinsville.

## Count 3

Ruckel's malicious prosecution claim arises under Illinois state law, and the Court can exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367. In order to state a claim for malicious prosecution under Illinois law, a plaintiff must set forth facts demonstrating that:

(1) the defendant commenced or continued an original criminal or civil proceeding; (2) the proceeding terminated in the plaintiff's favor; (3) the defendant instituted the proceeding without probable cause; (4) the defendant acted maliciously in initiating or continuing the proceeding; and (5) the plaintiff was injured. *Washington v Summerville*, 127 F.3d 52, 557 (7th Cir. 1997) (citations omitted). All of these elements must be present before a plaintiff can pursue a malicious prosecution claim. *Id*. Ruckel has addressed none of these elements in the Fourth Amended Complaint. Under the circumstances, Count 3 shall be dismissed without prejudice for failure to state a claim for relief against the defendants.

## **Abstention**

Although Count 1 survives screening at this stage, it cannot proceed at this point because it is unclear whether Ruckel's related state criminal case remains the subject of ongoing litigation. If so, the federal abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny may require a stay of proceedings. Under the abstention doctrine outlined in *Younger*, a federal court should not interfere with pending state criminal proceedings when they are: "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *See Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citations omitted); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citation omitted).

It is unclear whether the *Younger* abstention precludes Ruckel from proceeding with Count 1 at this time because it is not clear whether there is an ongoing state criminal case arising from Ruckel's arrest on June 24, 2019. If so, the proceedings would be considered judicial in nature, implicate important state interests, and offer an opportunity to review the validity of his arrest.

Entertaining Count 1 would interfere with the state case, and the Court is unaware of extraordinary circumstances that make abstention inappropriate.

As explained in *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), Ruckel's case should be stayed pending final disposition of his criminal proceedings, if his criminal case remains pending.  *See also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (If a plaintiff files a "claim relating to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn the conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.").  Before staying this case, however, Ruckel will have an opportunity to show cause why this case should not be stayed pending the outcome of his underlying state criminal case.

## Disposition

**IT IS ORDERED** that **COUNT 1** against **OFFICER NICK WOLOSZYN** survives preliminary review under 28 U.S.C. § 1915A.

**IT IS ORDERED** that **COUNT 2** against **CITY OF COLLINSVILLE** and **COUNT 3** against **BOTH DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim for relief.  The Clerk's Office is **DIRECTED to TERMINATE** the **CITY OF COLLINSVILLE** as a defendant in CM/ECF.

The Court finds that a **STAY** of this case (**COUNT 1** against **OFFICER NICK WOLOSZYN**) may be warranted pursuant to *Younger* abstention doctrine, if Ruckel's underlying state criminal case arising from his arrest on June 24, 2019, remains pending.  Ruckel does not expressly state that his state criminal case is ongoing.  Therefore, the Court will refrain from

entering an order staying this case for a short time, in order to allow Ruckel the opportunity to show cause why the case should not be stayed. If Ruckel believes the Court's conclusion (*i.e.*, that Count 1 should be stayed pending the outcome of his ongoing criminal case) is in error and the criminal prosecution is not ongoing, he shall have through **DECEMBER 16, 2021**, to show cause why the action should proceed. Ruckel is **WARNED** that failure to show cause by that date will result in a stay of this case, and failure to respond to this Order shall result in dismissal of the action for failure to comply with a court order and/or prosecute his claims pursuant to Federal Rule of Civil Procedure 41.

**IT IS ORDERED** that if the case is stayed, Ruckel is obligated to notify the Court, in writing, when his state criminal proceedings conclude.

The Court will order service upon Defendant **OFFICER NICK WOLOSZYN**, if appropriate, when Ruckel responds to the show cause order or when the stay is lifted.

Finally, Ruckel is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/16/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**