IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY L. RUCKEL, #20501, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-01149-JPG |
| | ) |
| NICK WOLOSZYN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeffrey Ruckel filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on October 23, 2019. (Doc. 1). In his Fourth Amended Complaint, Ruckel asserted claims against the City of Collinsville, Illinois, and Officer Nick Woloszyn for an allegedly unlawful arrest and malicious prosecution in Criminal Case No. 19-CF-2047. (Doc. 34). Following preliminary review of the matter, the Court held that Ruckel's Fourth Amendment claim in Count 1 against Officer Woloszyn survived screening under 28 U.S.C. § 1915A. (Doc. 36).

However, the Court went on to explain that it should not interfere with Ruckel's ongoing state criminal proceedings in light of *Younger v. Harris*, 401 U.S. 37 (1971). (*See* Doc. 36, pp. 5-6) (citing *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013); *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)). Because it was unclear whether Ruckel's underlying state criminal proceedings remained ongoing, Ruckel was ordered to show cause why this matter should not be stayed pending the outcome of his state criminal case. (Doc. 36, pp. 6-7). He was explicitly warned that failure to show cause by December 16, 2021, would result in a stay of this case and, moreover, that failure to respond at all would result in dismissal of the action for failure to comply with a court order and/or for failure to prosecute his claims. (*Id*. at 7) (citing FED. R. CIV. P. 41(b)).

Ruckel did not respond at all to the show cause order. Therefore, on December 22, 2021, the Court entered the following notice:

> NOTICE OF IMPENDING DISMISSAL: On November 16, 2021, Plaintiff was ordered to show cause why his underlying case should proceed in light of *Younger v. Harris*, 401 U.S. 37 (1971). He was warned that failure to respond at all to the show cause order would result in dismissal of the action under Federal Rule of Civil Procedure 41. Plaintiff missed the response deadline on December 16, 2021. Therefore, Plaintiff is WARNED that this action shall be dismissed for failure to comply with a court order and/or to prosecute his claims, if he does not respond to this Order and the Show Cause Order on or before JANUARY 3, 2022.

(Doc. 37). He also disregarded the notice of impending dismissal.

Ruckel has received ample opportunity to respond to the Court's show cause order (Doc. 36) and notice of impending dismissal (Doc. 37). The final response deadline expired on January 3, 2022. (*see* Doc. 37). More than a week has passed, and the Court has received no communication from him. In fact, the Court has not heard anything from Ruckel since January 25, 2021, when he notified the Court of his release from custody. (*See* Doc. 35). The Court will not allow this matter to linger any longer. Accordingly, this case shall be dismissed based on Ruckel's failure to comply with one or more court orders and his failure to prosecute his claims herein.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, this action is **DISMISSED** with prejudice based on Ruckel's failure to comply with this Court's Orders (*see* Docs. 36 and 37) and his failure to prosecute his claims herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal does not count as one of Ruckel's allotted "strikes" under § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**DATED: 1/13/2022**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**